## JAMES J. DUNLAP *v.* JOHN F. HAND.

An overseer, like other persons contracting to render services for pay, must use such diligence, and give such attention to the business of his employer, as may be necessary to accomplish the object for which he was employed.

The employer may set up a failure on the part of an overseer to discharge his duty or comply with his agreement, to defeat a recovery against the employer, or to reduce the wages to their just standard, in an action brought by the overseer.

In error from the circuit court of Clarke county; Hon. F. M. Rogers, judge.

This was a suit instituted in the circuit court of Clarke county by Hand, against Dunlap, to recover overseer's wages, alleged by Hand to be due him from Dunlap. During the trial, the plaintiff in error, Dunlap, who was the defendant below, asked the following instruction to the jury, which was refused by the court: —

" That if the jury believe from the evidence, that the plaintiff Hand was guilty of negligence, and that Dunlap was damaged thereby, the jury may offset the amount of such damage against the claim of Hand."

The defendant Dunlap excepted to the decision of the court in refusing the above exception, and prayed writ of error to this court.

*Evans* for appellant.

*Dawson* and *Chapman* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The question in this case is, whether an overseer, who has been guilty of great negligence in discharging his duties, thereby occasioning great loss to the employer, can recover the full amount of his year's wages.

An overseer, like other persons contracting to render particular services, must use such diligence, and give such attention to his employer's business, as may be necessary to accomplish the desired object, to wit, the making, safe-keeping, and preservation of a good crop, making of course due allowance for the season, and such casualties as could not be prevented by the overseer.

Failing to discharge his duties in this manner, he fails to comply with the substantial terms of his contract; and the employer may set up this failure, to defeat a recovery against him, or to reduce the wages to their just standard, in an action brought by the overseer.

The court below having given a different interpretation of the law, we reverse the judgment, and grant a new trial.